1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 | |
| 12 UNITED STATES OF AMERICA, | Case No.  CV 16-06284-PA (MRWx) |

11

UNITED STATES OF AMERICA,

            Plaintiff,

      v.

DENISE A. BURBRIDGE,

            Defendant.

Case No.  CV 16-06284-PA (MRWx)

CIVIL TRIAL SCHEDULING ORDER

[FED. R. CIV. P. 16(b)]

1.    Establishing a Discovery Cut-off
      Date of  September 18, 2017

2.    Setting Motion Cut-off date of
      September 25, 2017

3.    Setting Final Pretrial Conference for
      November 3, 2017 at 1:30 p.m.

4.    Setting Court Trial Date of
      November 28, 2017 at 9:00 a.m.

20

21   I.    **SCHEDULING**

22        A.    **Discovery Cut-Off**

23        This is the last date to complete discovery, including expert discovery, and the

24   resolution of any discovery motions before the magistrate judge.  If expert witnesses are to

25   be called at trial, the parties shall designate experts to be called at trial and provide reports

26   required by Fed. R. Civ. P. 26(a)(2)(B), not later than eight weeks prior to the discovery

27   cutoff date.  Rebuttal expert witnesses shall be designated and reports provided as required

28

1   by Fed. R. Civ. P. 26(a)(2)(B), not later than five weeks prior to the discovery cutoff date.

2   Failure to timely comply with this deadline may result in the expert being excluded at trial as

3   a witness.  The Court requires compliance with Local Rule 37-1 and 37-2 in the preparation

4   and filing of discovery motions.  Discovery motions may not be heard on an <u>ex</u> <u>parte</u> basis.

5   **B.      Joinder of Parties and Amendment of Pleadings**

6         The deadline for joining parties and amending pleadings is listed in the "Schedule of

7   Trial and Pretrial Dates" issued by the Court.  Any motions to join other parties or for leave

8   to amend the pleadings shall be filed and served at least twenty-eight (28) days prior to the

9   hearing deadline as required by Local Rule 6-1 so that they can be heard and decided prior

10  to the deadline.  This deadline does not apply if the deadline for joining parties or amending

11  pleadings has already been calendared or occurred by virtue of an order issued by this Court

12  or another court.

13        In addition to the requirements of Local Rule 15-1, all motions to amend the pleadings

14  shall:  (1) state the effect of the amendment; (2) be serially numbered to differentiate the

15  amendment from previous amendments; and (3) state the page, line number(s), and wording

16  of any proposed change or addition of material.

17        For the Court's ease of reference, the moving party shall submit to chambers a

18  redlined version of the amended pleading.

19  **C.      Motion Filing Cut-Off**

20        The Court hears motions on Mondays at 1:30 p.m.  The motion filing cut-off date is

21  the last day motions may be heard (not filed).  The Court will not decide late motions.

22  Issues left undetermined by the passage of the motion cut-off date should be listed as issues

23  for trial in the Final Pretrial Conference Order.  As an exception to the above, motions in

24  limine dealing with evidentiary matters may be heard at or before trial; however, summary

25  judgment motions disguised as motions in limine will not be heard.  Parties need not wait

26  until the discovery cut-off to bring motions for summary judgment or partial summary

27  judgment.  However, in the usual case, the Court expects that more than the minimum notice

28  will be provided to counsel opposing motions for summary judgment.  In the usual case, the

    parties should confer and agree on the date for setting such motions.

1  **D.   Ex Parte Applications**

2  Ex Parte Applications are entertained solely for extraordinary relief.  See <u>Mission</u>

3  <u>Power Eng. Co. v. Continental Casualty Co.</u>, 883 F.Supp. 488 (C.D. Cal. 1995).  Strict

4  adherence to proper <u>ex</u> <u>parte</u> procedures, including Local Rule 7-19, is required for any <u>ex</u>

5  <u>parte</u> application filed with the Court.

6  **E.   Stipulations to Extend Time**

7  Stipulations to extend the time to file any required document or to continue any

8  pretrial or trial date must set forth:

9        1.   the existing due date or hearing date;

10        2.   the current pretrial conference date and trial date;

11        3.   the specific reasons supporting good cause for granting the extension or

12  continuance.  For example, a statement that a continuance "will promote settlement" or that

13  the parties decided to suspend discovery while engaging is settlement discussions is

14  insufficient.

15        4.   whether there have been any prior requests for extensions or

16  continuances, and whether these were granted or denied by the Court.

17  **F.   Settlement**

18  Local Rule 16-15.2 provides that the Settlement Conference shall be conducted not

19  later than 45 days before the Pretrial Conference.  The Court believes that in most cases

20  completion of all discovery and dispositive motions will help the parties assess their

21  positions before they embark on the costly pre-trial process.  However, in many cases, the

22  parties find it more difficult to settle after they have incurred the cost of all discovery and

23  motion practice.  Accordingly, the Court strongly encourages counsel and the parties to

24  pursue settlement earlier.

25  Notwithstanding the provisions of Local Rule 16-15.5, unless the parties have

26  received prior approval by the Court, lead trial counsel and each party shall appear at the

27  settlement proceeding in person or, in the case of a corporation or other non-governmental

28  entity, by a corporate representative with final authority to settle the case and who is

knowledgeable about the facts of the case.  Representatives of insurers with decision-making authority are also required to attend the settlement proceedings in person unless their presence is expressly excused by the Court.  The Court's requirement that lead trial counsel, parties, corporate representatives, and insurer representatives must appear at the settlement proceedings in person unless they have been expressly excused by the Court applies to individuals located both within and outside the Central District of California.

The Court has a keen interest in helping the parties achieve settlement.  If the parties believe that it would be more likely that a settlement would be reached if they conduct settlement conference at an earlier time than that specified by the Court, they should conduct it at that time.  In any event, the parties must together file a single Joint Status Report re Settlement at the time they file the Proposed Pretrial Order.

The Court will not conduct settlement conferences in non-jury cases which the Court will try.  In jury cases, the Court will conduct a settlement conference at the parties' request if three conditions exist:

1.      The parties are satisfied that the fact issues in the case will be tried to a jury;

2.      All significant pre-trial rulings which Court must make have been made; and

3.      The parties desire the Court to conduct the conference, understanding that if settlement fails, the Court will preside over the trial of the case.

**G.    Mandatory Chambers Copies**

A "mandatory chambers copy" is an exact duplicate of a document filed through the Court's CM/ECF system or at the Clerk's Office's filing window for documents exempted from the electronic filing requirements contained in Local Rule 5-4.2.  Unless otherwise ordered by the Court, one mandatory chambers copy of every filed document must be delivered to Judge Anderson's mailbox located adjacent to the Clerk's Office on the fourth floor of the United States Courthouse, 350 West 1st Street, Los Angeles, California, no later than 12:00 noon on the business day following the filing of the document.  If a mandatory

chambers copy is sent to chambers by guaranteed overnight delivery, the sender shall notify the delivery service that the signature of the recipient is not required.

## II.   LAW AND MOTION

### A.   Summary Judgment Motions

#### 1.   Timing

In virtually every case, the Court expects that the moving party will provide more than the minimum twenty-eight (28) day notice for such motions.  The moving party shall submit a copy of the Statement of Uncontroverted Facts and Conclusions of Law to the Court's ECF e-mail address, in WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2013 or earlier versions).

#### 2.   Memorandum of Points and Authorities

The movant's memorandum of points and authorities should be in the usual form required under Local Rule 7 and should contain a narrative statement of facts as to those aspects of the case that are before the Court.  All facts should be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion and not to the underlying evidence.

Unless the case involves some unusual twist on Rule 56, the motion need only contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and with its interpretation under Celotex and its progeny.  If at all possible, the argument should be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in issue, with the purpose of showing the existence or non-existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by Local Rule 7, and where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the separate statement if they are not in dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the fact is contravened by an additional fact in the statement of genuine issues, the citation should be to such fact by paragraph number.

### 3. Separate Statement of Undisputed Facts

The Separate Statement of Undisputed Facts is to be prepared in a two column format. The left hand column should set forth the allegedly undisputed fact. The right hand column should set forth the evidence that supports the factual statement. The fact statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The document must be in two columns; the left hand column must restate the allegedly undisputed fact, and the right hand column must indicate either undisputed, or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed. Where the opposing party is disputing the fact in whole or part, the opposing party must, in the right hand column, label and restate the moving party's evidence in support of the fact, followed by the opposing party's evidence controverting the fact. Where the opposing party is disputing the fact on the basis of an evidentiary objection, the party must cite to the evidence alleged to be objectionable and state the ground of the objection and nothing more. **No argument should be set forth in this document**.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall follow the movant's facts, shall continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set forth in the right hand column the evidence that supports that statement.

The moving party, in its reply, shall respond to the additional facts in the same manner and format that the opposition party is required to adhere to in responding to the statement of undisputed facts, as described above.

4. <u>Supporting Evidence</u>

No party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements, should not be submitted in support or opposition to a motion for summary judgment. Any such material will not be considered.

Evidence submitted in support or opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the Memorandum of Points and Authorities. The Court will accept counsel's authentication of deposition transcript, of written discovery responses, and of the **receipt** of documents in discovery **if the fact that the document was in the opponent's possession is of independent significance**. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.

If evidence in support of or in opposition to a motion exceeds twenty pages, the evidence must be in a separate bound volume and include a Table of Contents.

5. <u>Objections to Evidence</u>

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in the separate statement but not argued in that document. Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party. This memorandum should be organized **to track the paragraph numbers of the separate statement in sequence**. It should identify the specific item of evidence to which objection is made, the ground of the objection, and a very brief argument with citation to authority as to why the objection is well taken. The following is an example of the format contemplated by the Court:

Separate Statement Paragraph 1: Objection to the supporting

deposition transcript of Jane Smith at 60:1-10 on the grounds that

the statement constitutes inadmissible hearsay and no exception is

applicable. To the extent it is offered to prove her state of mind, it

is irrelevant since her state of mind is not in issue.

Fed. R. Evid. 801, 802.

**Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact:  these will be disregarded and overruled**.

### B.   Motions in Limine

Motions in limine are not to be used as disguised motions for summary judgment. Their purpose is limited to alerting the Court to significant evidentiary issues that can be addressed and resolved prior to trial.

#### 1.   Timing

Unless otherwise ordered by the Court, motions in limine will be heard on the date indicated in the "Schedule of Trial and Pretrial Dates" issued by the Court.  Unless the Court in its discretion otherwise allows, no motions in limine shall be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.

#### 2.   Limitation on Number of Motions in Limine

Unless otherwise ordered by the Court upon a showing of good cause, the Court will consider no more than four (4) motions in limine by any party.  If a party seeks to file more than four (4) motions in limine, it must obtain the Court's prior permission to file additional motions in limine.

#### 3.   Pre-Filing Meeting of Counsel

Before filing any motion in limine, counsel for the parties shall confer pursuant to Local Rule 7-3 in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible.  The pre-filing meeting of counsel shall occur no later than twenty-eight (28) days prior to the date for filing of motions in

1  limine indicated in the "Schedule of Trial and Pretrial Dates" issued by the Court.  It shall be
2  the responsibility of counsel for the moving party to arrange for this conference.  The
3  conference shall take place in person within seven days of service upon opposing counsel of
4  a letter requesting such conference.  Unless counsel agree otherwise, the conference shall
5  take place at the office of the moving party.  If both counsel are not located in the same
6  county in the Central District, the conference may take place by telephone.  The moving
7  party's letter shall identify the testimony, exhibits, or other specific matters alleged to be
8  inadmissible and/or prejudicial, shall state briefly with respect to each such matter the
9  moving party's position (and provide any legal authority which the moving party believes is
10  dispositive), and specify the terms of the order to be sought.

11             4.     Joint Motion

12         If counsel are unable to resolve their differences, they shall prepare a Joint Motion in
13  Limine.  The Joint Motion in Limine shall consist of one document signed by all counsel.
14  The Joint Motion in Limine shall contain a clear identification of the testimony, exhibits, or
15  other specific matters alleged to be inadmissible and/or prejudicial and a statement of the
16  specific prejudice that will be suffered by the moving party if the motion is not granted.  The
17  identification of the matters in dispute shall be followed by each party's contentions and
18  each party's memorandum of points and authorities.  The title page of the Joint Motion in
19  Limine must state the hearing date for the motions in limine and the trial date.

20         The moving party shall serve its portion of the Joint Motion in Limine on the
21  responding party fourteen (14) days prior to the date for filing of motions in limine indicated
22  in the "Schedule of Trial and Pretrial Dates."  The responding party shall then serve the
23  opposition portion of the Joint Motion in Limine on the moving party both on paper and in
24  an electronic format seven (7) days prior to the date for the filing of motions in limine.  The
25  moving party shall incorporate the responding party's portion into the Joint Motion in
26  Limine, add its arguments in reply, and file and serve the Joint Motion in Limine.  Neither
27  party's portions of a Joint Motion in Limine shall exceed eight (8) pages.

28

Joint Motions in Limine shall be accompanied by a declaration from the moving party that includes the following:  (1) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial; (2) a representation to the Court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (3) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

Unless ordered by the Court, no supplemental or separate memorandum of points and authorities shall be filed by either party in connection with any motion in limine.

The Court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel:  (1) failed to confer in a timely manner; (2) failed to provide the opposing party's portion of the joint motion in a timely manner; or (3) refused to sign and return the joint motion after the opposing party's portion was added.  The failure of any counsel to comply with or cooperate in the foregoing procedures will result in the imposition of sanctions, including a resolution of the issue against the party refusing to cooperate.

## III.   PRETRIAL CONFERENCE AND TRIAL SETTING

This case has been placed on calendar for a Final Pretrial Conference ("PTC") pursuant to F. R. Civ. P. 16 and Local Rule 16-1, unless the PTC was expressly waived at the Scheduling Conference by the Court.  Unless excused for good cause, each party appearing in this action shall be represented at the PTC and all pretrial meetings of counsel, by lead trial counsel.  The failure to attend the PTC or to submit the required pretrial documents may result in the dismissal of the action, striking the answer and entering a default, and/or the imposition of sanctions.

A continuance of the Final Pretrial Conference at counsel's request or stipulation is highly unlikely.  Counsel should plan to do the necessary pretrial work on a schedule which

1  will insure its completion with time to spare before the Final Pretrial Conference.

2  Specifically, failure to complete discovery work, including expert discovery, is not a ground

3  for a continuance.

4      At the PTC, counsel should be prepared to discuss means of streamlining the trial,

5  including, but not limited to: bifurcation, presentation of non-critical testimony by

6  deposition excerpts, stipulations as to the content of testimony, presentation of testimony on

7  direct examination by declaration subject to cross-examination, and qualification of experts

8  by admitted resumes.  In rare cases where the PTC is waived by the Court, counsel must

9  follow Local Rule 16-10.

10  **The failure to attend the pretrial conference or to submit in conformity with this**

11  **order, the jury instructions, pre-trial exhibit stipulation, joint statement of the case,**

12  **voir dire questions, summary of witness testimony and times estimates, proposed**

13  **Pretrial Conference Order or the memorandum of contentions of fact and law may**

14  **result in the dismissal of the action, striking the answer and entering default and/or the**

15  **imposition of sanctions**.

16      **A.**    **Pretrial and Trial Documents**

17      Compliance with the requirements of Local Rules 16-1 to 16-13 is required by the

18  Court.  Carefully prepared Memoranda of Contentions of Fact (which may also serve as the

19  trial brief) and a proposed Final Pretrial Conference Order ("PTCO") shall be submitted in

20  accordance with the provisions of Local Rule 16-7 and the form of the PTCO shall be in

21  conformity with the format set forth in Appendix A to the Local Rules, modified as

22  necessary to comply with this order.

23      The Memoranda of Contentions of Fact and Law, PTCO, Exhibit Lists, and Witness

24  Lists shall be served and filed no later than fourteen (14) days before the Pre-Trial

25  Conference.

26      1.    Proposed Final Pre-Trial Conference Order

27      The PTCO must contain a Table of Contents.  Place in all capital letters and in bold

28  the separately numbered headings for each category in the PTCO.  Under paragraph 1, list

1   each claim, counterclaim, or defense that has been dismissed or abandoned.  In multiple

2   party cases where not all claims or counterclaims will be prosecuted against all remaining

3   parties on the other side, please specify to which party each claim or counterclaim directed.

4   The factual issues in dispute should track the elements of a claim or defense upon which the

5   jury would be required to make findings.  Counsel should state issues in ultimate fact form,

6   not as evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's

7   negligence the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the

8   corner of 5th and Spring at 10:00 a.m. on May 3").  Issues of law should state legal issues

9   upon which the Court will be required to rule after the Pre-Trial Conference, including

10  during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

11      In drafting the PTCO, the Court expects that counsel will attempt to agree on and set

12  forth as many non-contested facts as possible.  The Court will normally read the uncontested

13  facts to the jury at the start of the trial.  Carefully drafted and comprehensively stated

14  stipulation of facts will reduce the length of trial and increase jury understanding of the case.

15      If expert witnesses are to be called at trial, each party must list and identify its

16  respective expert witnesses, both retained and non-retained in the PTCO.  **Failure of a party**

17  **to list and identify an expert witness in the PTCO shall preclude a party from calling**

18  **that expert witness at trial**.

19                    2.      Summary of Witness Testimony and Time Estimates

20      Counsel shall prepare a list of their witnesses, including a brief summary (two to three

21  paragraphs) of each witness' expected testimony and an estimate of the length of time

22  needed for direct examination; and whether the witness will testify by deposition or in

23  person.  Counsel shall exchange these lists with opposing counsel.  **Counsel shall jointly**

24  **file a single list of witness testimony summaries, including estimates for direct**

25  **examination of their own witnesses and estimates for cross-examination of opposing**

26  **witnesses**.  These statements shall be filed at the time counsel file the PTCO, i.e., fourteen

27  (14) days before the Pre-Trial Conference.  A copy of the Joint Trial Witness Form is

28  attached to this Order.

### 3.   Jury Instructions and Verdict Forms

Fourteen (14) days prior to counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions (general and special) and special verdict forms (if applicable).  Seven (7) days prior to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and special verdict forms.  Prior to, or at the time of the Rule 16 meeting, counsel shall meet and confer with the goal of reaching agreement on one set of joint jury instructions and one special verdict form.

The parties should make every attempt to agree upon the jury instructions before submitting them to the Court.  The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern instructions provide a statement of applicable law.  When the Manual of Model Civil Jury Instructions for the Ninth Circuit provides a version of an applicable requested instruction, the parties should submit the most recent version of the Model instruction.  Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text.  Where California law applies, counsel should use the current edition of the Judicial Council of California Civil Jury Instructions ("CACI").  If neither of the above sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig & Lee (formerly Devitt, et al.), Federal Jury Practice and Instructions (latest edition).  Each requested jury instruction shall cover only one subject or principle of law and shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction (except for the "clean" jury copy discussed below).

When the parties disagree on an instruction, the party opposing the instruction must attach a short statement (one to two paragraphs) supporting the objection, and the party submitting the instruction must attach a short statement supporting the instruction.  Each statement should be on a separate page and should follow directly after the disputed instruction.

The parties ultimately must submit one document or, if the parties disagree over any proposed jury instructions, two documents.  If the parties submit two documents, those

documents shall consist of: (1) a set of Joint Proposed Jury Instructions and (2) a set of Disputed Jury Instructions, along with reasons supporting and opposing each disputed instruction in the format set forth in the previous paragraph.

The parties must file proposed jury instructions fourteen (14) days before the Pre-Trial Conference.  Counsel shall also submit a copy of the proposed jury instructions to the Court's ECF e-mail address in WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2013 or earlier versions) in accordance with this paragraph and the previous paragraph.

The Court will send a copy of the instructions into the jury room for the jury's use during deliberations.  Accordingly, in addition to the file copies described above, the e-mail containing the jury instructions shall contain a "clean set" of Joint Proposed and/or Disputed Jury Instructions, containing only the text of each instruction set forth in full on each page, with the caption "Court's Instruction No. __" (eliminating titles, supporting authority, indication of party proposing, etc.).

An index page shall accompany all jury instructions submitted to the Court.  The index page shall indicate the following:

(a)     The number of the instruction;

(b)     A brief title of the instruction;

(c)     The source of the instruction and any relevant case citations; and

(d)     The page number of the instruction.

EXAMPLE:

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Trademark-Defined | 9th Cir. 15.3.2 | 7 |
| | (15 U.S.C. § 1127) | | |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) days before the Pre-Trial Conference and e-mail any such proposed special verdict form in WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2013 or earlier versions) to the Court's ECF e-mail address.

### 4.    Voir Dire Questions

Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference.  The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel.

### 5.    Joint Statement of the Case

Counsel shall file a joint statement of the case prior to the Pretrial Conference.  The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire.  The statement should not exceed one page.

### 6.    Exhibits and Witnesses

The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16.  Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers.  Each exhibit shall be separated by a tabbed divider on the right side.  Counsel shall provide original exhibits for the Courtroom Deputy Clerk and a duplicate set for the judge.  The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit.  Each binder shall contain a Table of Contents.  Counsel must comply with Local Rule 26-3 when numbering the exhibits.  The Clerk's Office, located on the fourth floor of the United States Courthouse, 350 West 1st Street, Los Angeles, California can supply counsel with appropriate exhibit tags.

The Court requires the following to be submitted to the Courtroom Deputy Clerk on the first day of trial:

(a)    The original exhibits with the Court's exhibit tags. Plaintiff shall use yellow tags; defendant shall use blue tags. Each tag shall be stapled to the front of the exhibit on the upper right corner and include the case number, case name, and exhibit number.

(b)    One bench book with a copy of each exhibit for the Court's use, tabbed as described above; a copy of the witness lists).

(c)     Three (3) copies of exhibit lists.  The exhibit list shall also be submitted to the Court's ECF e-mail address in both a PDF version and a WordPerfect(X6 or earlier versions) or Microsoft Word (Word 2013 or earlier versions) version.

(d)     Three (3) copies of witness lists in the order in which the witnesses will be called to testify.

All counsel are to meet no later than fourteen (14) days before trial to discuss and agree to the extent possible on issues including foundation and admissibility.

7.     <u>Designation of Deposition Testimony</u>.  If a party desires to offer deposition testimony into evidence at trial for any purpose other than impeachment, it shall designate, no later than twenty-one (21) days prior to the date for filing of the PTCO, only those relevant portions of the testimony it wishes to offer at trial and advise opposing counsel whether the testimony shall be read, played on videotape or on a computer, or submitted.  Those designations are to be shared electronically with opposing counsel.

If a party intends to object to the designated deposition testimony or offer counter-designations, the opposing party shall electronically exchange those objections and counter-designations of deposition testimony no later than fourteen (14) days prior to the filing date for the filing of the PTCO.  Counter-designations are to be made only for completeness.  Counter-designations are not a substitute for deposition testimony a party wishes to play in its case-in-chief.  The party that originally designated the deposition testimony may object to the counter-designations.

Once the parties exchange objections, counter-designations and objections to counter-designations, the parties shall combine the original designations and objections with the counter-designations and objections (and brief response to the objection from the party offering the counter-designation) into a single document formatted into a table as described below with the counter-designations inserted either immediately preceding or following the associated original designation.  The table should clearly identify the offering party and whether the offered testimony is a designation or counter-designation.  The combined

1 document with the table of designations, counter-designations, and their associated

2 objections and responses shall be filed with the Court no later than the date for the filing of

3 the PTCO.

4       **Do not submit blanket or boilerplate objections - these will be disregarded and**

5 **overruled**.

6       The following is an example of the format required by the Court:

| Deposition Designation | Objection & Response |
|---|---|
| Plaintiff's Designation of Tom Jones (42:14-15, 22; 43:7-8, 17-22): | Defendants' Objections: |
| Page 42 | Page 42:14-15, 22:  Irrelevant, Fed. R. Evid. 801, 802.; Page 43:21-23:  No foundation, Fed. R. Evid. 401. |
| 14    Q.    How many managers overall at Ruiz & <br> 15           Flint? | |
| 22    A.    I do not know. | Plaintiff's Response: |
| Page 43 | Mr. Jones was the corporate representative for Ruiz & Flint. |
| 7    Q.    (Continuing by Mr. Scotten) How many <br> 8           partners does Ruiz & Flint have? | |
| 17    A.    For a certainty, I do not know. | |
| 18    Q.    (Continuing by Mr. Scotten) Do you <br>              know Mr. Eugene Ruiz? | |
| 19    A.    Yes, sir. | |
| 20    Q.    What's his position at Ruiz & Flint? | |
| 21    A.    I would speculate that he's a partner and <br> 22           owner. | |

1              8.      Jury Evidence Recording System

2              The Court is equipped with the Jury Evidence Recording System ("JERS") that allows

3      evidence admitted during trial to be viewed electronically in the jury deliberation room upon

4      the conclusion of the trial.  JERS provides easy access to evidence during the deliberations

5      through the use of a large screen monitor in the jury room.  JERS also provides an efficient

6      method for tracking the receipt and introduction of evidence in document-intensive bench

7      trials.  The Court will determine how and if JERS will be used during each specific trial.

8      Additional information concerning JERS is available on the Court's website

9      (www.cacd.uscourts.gov) in the Judge's Procedures and Schedules.

10              9.      Pre-Trial Exhibit Stipulation

11              The parties shall prepare a Pre-Trial Exhibit Stipulation which shall contain each

12     party's numbered list of trial exhibits, with objections, if any, to each exhibit including the

13     basis of the objection and the offering party's response.  All exhibits to which there is no

14     objection shall be deemed admitted.  All parties shall stipulate to the authenticity of exhibits

15     whenever possible, and the Pre-Trial Exhibit Stipulation shall identify any exhibits whose

16     authenticity has not been stipulated to and the specific reasons for the party's failure to

17     stipulate.

18              The Stipulation shall be substantially in the following form:

19                              Pre-Trial Exhibit Stipulation

20     Plaintiff's Exhibits

21     Number              Description          Objection          Response to Objection

22

23     Defendant's Exhibits

24     Number              Description          Objection          Response to Objection

25

26              The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel files the

27     PTCO.  Failure to comply with this paragraph shall constitute a waiver of all objections.

28

10.     Final Trial Exhibit Stipulation

The parties shall prepare a final Trial Exhibit Stipulation which shall contain each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response.  All exhibits to which there is no objection shall be deemed admitted.  All parties shall stipulate to the authenticity of exhibits whenever possible, and the final Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.  The final Trial Exhibit Stipulation shall be filed five days before trial.  Failure to comply with this paragraph shall constitute a waiver of all objections.  The final Trial Exhibit Stipulation shall be in the same form as the Pre-Trial Exhibit Stipulation.

11.     Post Trial Exhibit List

At or before the conclusion of the evidence, counsel for each party shall submit a "clean" list of only those exhibits offered by such party that have been admitted into evidence.  Such lists shall be in a form suitable for submission to the jury and shall set forth the following information with respect to each exhibit to the extent applicable:

(a)     Exhibit Number

(b)     Date

(c)     A brief description of the exhibit that will enable jurors to identify it but which does not characterize the exhibits or its contents (e.g., letter from A to B; photograph of 100 Main Street).

**B.      Court Trials**

In addition to the requirements listed above that apply to non-jury trials, the Court orders that counsel comply with the following in their preparation for a Court Trial.

1.     Findings of Fact and Conclusions of Law

For a non-jury trial, counsel for each party shall file and serve proposed Findings of Fact and Conclusions of Law seven (7) days prior to the date for filing of the Response to Findings of Fact and Conclusions of Law indicated in the "Schedule of Trial and Pretrial Dates."  The parties shall also e-mail these proposed Findings of Fact and Conclusions of

Law in WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2013 or earlier versions) to both the Court's ECF e-mail address and opposing counsel.  Counsel for each party shall then:

>    (a)    Underline or highlight in red the portions which it disputes;

>    (b)    Underline or highlight in blue the portions which it admits; and

>    (c)    Underline or highlight in yellow the portions which it does not dispute, but deems irrelevant.

Counsel may agree with a part of a finding or conclusion, disagree with a part of it and/or consider a part of it irrelevant.

The parties should then file and serve their respective Responses to the other party's proposed Findings of Fact and Conclusions of Law on the date for filing of the Responses to Findings of Fact and Conclusions of Law indicated in the "Schedule of Trial and Pretrial Dates."

The parties shall be prepared to submit to the court, and to exchange among themselves, supplemental Findings of Fact and Conclusions of Law during the course of the trial, with respect to which the same underlining procedure may be ordered.

>    2.    <u>Witness Declarations</u>

Counsel in non-jury trials shall submit the direct testimony of their witnesses in writing in a declaration executed under penalty of perjury.  This requirement does not apply to the testimony of witnesses affiliated with the opposing party who refuse to provide a trial declaration.  Trial testimony declarations shall be in admissible form with appropriate foundation established for the declarant's statements.  These declarations shall also include an adequate foundation and evidentiary basis for each trial exhibit a party seeks to admit through the testimony of the witness.  Paragraphs in each declaration shall be numbered consecutively to facilitate the identification of paragraphs for evidentiary objections.

Counsel are to exchange and file these declarations with the Court at least twenty-one (21) days before trial, unless otherwise ordered by the Court.  Fourteen (14) days before

1   trial, Counsel may file a separate document stating any evidentiary objections to those

2   declarations.

3        Lead counsel must then meet and confer regarding any possible objections to Direct

4   Testimony Trial Declarations.  At the conference, counsel shall attempt to resolve the

5   objections.  After the conference, for any objection counsel have been unable to resolve, the

6   parties shall, no later than seven (7) days prior trial, file a single joint statement that contains

7   the objections and responses for all witnesses.  **Do not submit blanket or boilerplate**

8   **objections - these will be disregarded and overruled**.  The Joint Statement shall be in the

9   following format:

| Trial Declaration Testimony | Objection & Responses |
|---|---|
| Plaintiff's Trial Declaration of Tom Jones<br><br>¶ 14:  [Text of disputed paragraph of the<br><br>        trial testimony declaration] | Defendant's Objection<br><br>[Cite the grounds and authority for the<br><br>objection, e.g., Relevance under Fed. R.<br><br>Evid. 401; Foundation under Fed. R. Evid.<br><br>901]<br><br>Plaintiff's Response to Objection<br><br>[e.g., this testimony is relevant to Plaintiff's<br><br>first claim for relief because . . . .]<br><br>Defendant's Response<br><br>[e.g., this testimony is not relevant to<br><br>Plaintiff's first claim for relief because . . . ] |

23        At trial, the Court will rule on the evidentiary objections and, depending upon the

24   ruling, the declarations will be received in evidence, either in whole or in part, or rejected.

25   Counsel will then conduct the cross-examination and re-direct examination at trial.  This

26   order does not apply to rebuttal witnesses.

27        Failure to comply with the literal terms of this Order will result in sanctions or the

28   Court may refuse to allow that witness to testify.

## IV.    TRIAL CONDUCT

### A.    Trial Schedule

Counsel shall arrive in the Courtroom at 8:30 a.m. on the first day of trial for the purpose of handling logistical and administrative matters pertaining to the trial, including the submission of exhibits as discussed below.  On the first day of trial, and until a jury is empaneled in a Jury Trial, the Court will typically be in session from 9:00 a.m. until 5:00 p.m.  Once a jury is empaneled, trials are conducted Tuesday through Friday from 8:00 a.m. to 1:30 p.m., with two fifteen (15) minute breaks.

Before trial commences, the Court will give Counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues.  On the first day of trial, this will include a final discussion of voir dire questions and the content of the joint statement.  During the trial, the court will not hold bench or chambers conferences, it is the intention of the court that trial testimony will be presented without interruption for five or six hours each day, and all legal issues of importance must be raised in advance of trial by written noticed motions.  If there are any matters Counsel wish to discuss, inform the Courtroom Deputy and the matter can be heard at the next recess or the next day.

### B.    Time Limits

The Court will, in every case, impose time limits on the amount of time each side will have for opening statement, witness examination, and closing argument.

### C.    Courtroom Technology

If Counsel need to arrange for the installation of their own additional equipment, such as video monitors, overhead projectors, etc., notify the Courtroom Deputy no later than 4:30 p.m. the Thursday **BEFORE** trial so that the necessary arrangements can be made.

### D.    Witnesses

The parties are to exchange final witness lists in the order in which the witnesses will be called to testify together with a final joint trial witness time estimate form five (5) days prior to trial.

1   Plaintiff must advise defendant, no later than noon on the Friday before the

2   commencement of trial, the names of the witnesses in the order in which they will be called

3   to testify on the first Tuesday and Wednesday of trial.  Failure to adhere to this provision of

4   the Court's order may result in the Court precluding the witness from testifying at trial.

5   Counsel shall, either in advance of trial, or at least before the witness testifies, notify

6   the clerk – preferably in writing – what exhibits the witness will be asked to testify about.

7   The clerk then places those exhibits, each clearly labeled, before the witness at the beginning

8   of that witness' testimony.

9   **E.    <u>Voir Dire and Jury Selection</u>**

10   The Court will conduct voir dire after conferring with Counsel regarding potential

11   areas of questioning.  A portion of the voir dire may be based on written questions given to

12   the jurors when they arrive at Court.

13   In most cases, the Court will conduct its initial voir dire of 14 prospective  jurors who

14   will be seated in the jury box.  Normally the Court selects a jury of eight.

15   Except in an unusual case, each side will have three peremptory challenges.

16   Therefore, if 14 jurors are in the box and all six peremptories are exercised, the remaining

17   eight jurors will constitute the jury panel.  If fewer than six peremptories are exercised, the

18   eight low-numbered jurors (by seat number in the jury box) will constitute the jury panel.

19   **F.    <u>Instructions Governing Procedure During Trial</u>**

20   1.    Counsel are expected to cooperate with each other during trial to insure

21   the efficient and expeditious use of court and juror time.

22   2.    Counsel shall not refer to their clients or any witness over 14 years of

23   age by their first names during trial.

24   3.    Do not discuss the law or argue the case in opening statements.

25   4.    Do not use objections for purposes of making a speech, recapitulating

26   testimony, or attempting to guide the witness. When objecting, state only that you are

27   objecting and the specific legal ground of the objection, e.g., hearsay, irrelevant, etc.  The

28   court will not hear arguments in front of the jury on evidentiary issues.  Most unusual or

complex evidentiary issues can be foreseen and disposed of in advance; those that cannot ordinarily will be disposed of at the next recess, with the witness retained until the issue is resolved.

        5.    Counsel should not paraphrase the witness' answer into a new question which asks the same thing.  For example:

        (a)    Do I understand you to mean that . . .

        (b)    Is it your testimony then that . . .

        (c)    Is it fair to say that . . .

        (d)    Can we assume then that . . .

        (e)    So that I am clear . . .

There is no need to hear the testimony of the witness two or three times.  In addition having been asked and answered, often these questions are argumentative.

        6.    Counsel are to have their witnesses review all exhibits about which they will be questioned.

        7.    In multi-party cases, Counsel are expected to coordinate their cross-examination.  The Court will not permit each party's counsel to repeat previous cross-examination questions.

        8.    Do not approach the Courtroom Deputy or the witness box without the Court's permission.  Please return to the lectern when your purpose has been accomplished. Do not enter the well of the Court without the Court's permission.

        9.    Please rise when addressing the Court, and when the jury enters or leaves the courtroom.

        10.    Address all remarks to the Court.  Do not directly address the Courtroom Deputy, the reporter, or opposing counsel.  If you wish to speak with opposing counsel, ask permission to talk to counsel off the record.  All requests to re-read questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

11.     Although the Court encourages the parties to stipulate to facts that are not reasonably in dispute, do not offer a stipulation unless you have previously conferred with opposing counsel and reached an agreement.

12.     All depositions to be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Courtroom Deputy on the first day of trial or such earlier date as the Court may order.  If deposition transcripts available in an electronic format, they should be lodged with the hard copy.

13.     Whenever Counsel expects to offer a group of answers to interrogatories or requests for admissions, extracted from one or more lengthy documents, Counsel shall prepare a new document listing each question and  answer and identifying the document from which it was extracted.  Copies of this new document should be given to the Court and opposing counsel.

14.     While court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

15.     When a party has more than one lawyer, only one may conduct the examination of a given witness and only that lawyer may handle objections during the testimony of that witness.

16.     If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when court resumes.

17.     Do not run out of witnesses. If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

18.     Counsel are advised to be on time as the Court starts promptly.


IT IS SO ORDERED.

Dated:  March 17, 2017

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

Revised:  10/15/2016

JOINT TRIAL WITNESS ESTIMATE FORM

CASE: _____

TRIAL DATE: _____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 1 | | | | | |
| TOTAL ESTIMATES THIS PAGE: | | | | | |

Instructions:
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident." Or "expert on standard of care."
(3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour. E.g., if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. E.g., "Needs interpreter." (5) Entries may be in handwriting if very neat and legible.