UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6284 PA (MRWx) | Date | June 9, 2017 |
|---|---|---|---|
| Title | United States of America v. Denise Burbridge | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Summary Judgment filed by the United States of America. (Docket No. 22.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 12, 2017, is vacated and the matter taken off calendar.

**I.   Factual Background**

The government commenced this action against defendant Denise A. Burbridge, also known as Deniz A. Iriajen ("Defendant") to enforce four promissory notes executed by Defendant for the purpose of securing educational loans. The first note was executed on January 21, 1983 for $500; the second on March 25, 1983, for $985.00; the third on March 13, 1981 for $2,500; and the fourth on July 2, 1982 for $2000. (Guillion Decl., Exh. 2.) The promissory notes included a promise by Defendant to pay all amounts disbursed, plus interest. (Id.) The interest rate was seven (7) percent per annum. (Id., Exh. 1.) Defendant defaulted on January 1, 1983. (Id.) Upon default, the loan guarantor, Michigan Higher Education Assistance Authority, paid a claim in the amount of $1,492.66 to the holder of Notes 1 and 2, and $4,492.34 to the holder of Notes 3 and 4. (Id.) The Department of Education of the United States of America ("the Department") reimbursed the guarantor under a reinsurance agreement. (Id.) Pursuant to 34 C.F.R. § 682.410(b)(4), the entire amount, including unpaid interest, became due to the guarantor as principal when the guarantor paid on the default. (Id.) The guarantor was unsuccessful in attempting to collect the debt. (Id.) The guarantor assigned its right and title to the notes to the Department on April 6, 1995. (Id.) Defendant has been credited for payments in the amount of $726.15 total, including payments made before and after she defaulted. (Guillon Decl. ¶ 4.) As of April 14, 2017, the principal balance for Notes 1 and 2 was $1,592.79, and for Notes 3 and 4 was $4,793.72; the interest owed on Notes 1 and 2 was $3,200.21, and on Notes 3 and 4 was $9,630.58.[1/] (Id.)

---

[1/]   While the Motion and Mr. Guillon's declaration allege that $9,631.51 in interest was owed for Notes 3 and 4 as of April 14, 2017, the Certificate of Indebtedness for those notes states that the actual interest owed as of that date was $9,630.58. (See Guillon Decl., Exh. 1; Guillon Decl. ¶ 4.c. (citing the

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6284 PA (MRWx) | Date | June 9, 2017 |
|---|---|---|---|
| Title | United States of America v. Denise Burbridge | | |

**II.     Legal Standard**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  The moving party must show an absence of an issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Once the moving party does so, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial.  Id. at 324.  The court does "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial."  Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir 1999).

To recover on a promissory note, the government must make a prima facie showing that "(1) the defendant signed [the promissory note], (2) the government is the present owner or holder and (3) the note is in default."  United States v. Petroff-Kline, 557 F.3d 285, 290 (6th Cir. 2009) (citations omitted); see United States v. Falcon, 805 F.3d 873, 876 (9th Cir. 2015).  "[B]ecause of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment."  United States v. Gaude, No. C–99–0182–VRW, 1999 WL 1080680, at *1 (N.D. Cal. Nov. 12, 1999) (quoting Colony Creek, Ltd. v. Resolution Trust Corp., 941 F.2d 1323, 1325 (5th Cir.1991)).

**III.     Discussion**

As an initial matter, the Court notes that Defendant did not file an opposition to the government's Motion.  See Local Rule 7-12 ("The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule.  The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").  However, consistent with Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995), the Court will not grant a motion for summary judgment due to the non-moving party's failure to file an opposition.  Id. at 725 ("[W]e have held that a motion for summary judgment cannot be granted simply because the opposing party violated a local rule.") (citing Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993)).  Instead, the Court must analyze the record to determine if any material disputed facts exist.  Id.

The government can make out a prima facie case by submitting "certificates of indebtedness, which were signed under the penalty of perjury, showing that [the defendant] executed promissory notes to secure loans, defaulted on the loans, and owed the United States certain amounts after offsets from various sources."  Falcon, 805 F.3d at 876 (citing Petroff-Kline, 557 F.3d at 290); see United States v. Freeman, No. C 01–1859 SI, 2002 WL 467688, at *1 (N.D. Cal. March 22, 2002).  The government has filed such certificates, as well as the four promissory notes executed by Defendant.  (See Guillon Decl.,

---

[1]/(...continued)
Certificate of Indebtedness, yet stating that the interest accrued on Notes 3 and 4 as of April 14, 2017 was $9,631.51.)  No other evidence presented contradicts this figure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6284 PA (MRWx) | Date | June 9, 2017 |
|---|---|---|---|
| Title | United States of America v. Denise Burbridge | | |

Exhs. 1 & 2.)  Accordingly, the government has established a prima facie case.  On this record, there is no genuine issue for trial.  Accordingly, the government is entitled to judgment as a matter of law.

## Conclusion

For the foregoing reasons, the government's Motion is granted.  For Notes 1 and 2, the Court awards the government $1,592.79 in principal, prejudgment interest of $3,200.21 as of April 14, 2017, and prejudgment interest on the principal from April 14, 2017, until the date of judgment at seven percent, with the judgment to accrue interest at the legal rate until paid.  For Notes 3 and 4, the Court awards the government $4,793.72 in principal, prejudgment interest of $9,630.58 as of April 14, 2017, and prejudgment interest on the principal from April 14, 2017, until the date of judgment at seven percent, with the judgment to accrue interest at the legal rate until paid.  The government's request for costs and attorney's fees is denied without prejudice to its filing a separate motion for an award of costs and attorney's fees.  The Court shall enter a Judgment consistent with this Order.

IT IS SO ORDERED.